[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

Nos. 12-12658 ; 12-12659

D.C. Docket No. 1:11-cr-20131-RWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN RANDALL CURSHEN,
NATHAN BRADLEY MONTGOMERY,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Florida

(May 28, 2014)

Before HULL, COX and FARRIS,[*] Circuit Judges.

PER CURIAM:

Defendants Jonathan Curshen and Nathan Montgomery appeal after a jury convicted them for crimes related to their illegal pump-and-dump stock manipulation scheme. After review of the record and the briefs of the parties, and having the benefit of oral argument, we affirm.

## I.  BACKGROUND

Defendants Curshen and Montgomery participated with many others in a conspiracy to defraud the investing public through a pump-and-dump stock manipulation scheme involving shares of CO2 Tech Ltd.'s ("CO2 Tech") stock.

A pump and dump scheme involves artificially inflating the price and volume of an owned stock—by promotional or trading activity—to sell the stock at a higher price. Once the overvalued shares are dumped, the price and volume of shares plummet and unsuspecting investors lose their money.

Defendants Curshen and Montgomery and their co-conspirators perpetrated their pump-and-dump stock manipulation scheme by issuing false and misleading press releases and other promotional materials and by coordinating the trading

_____

[*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

2

activities of CO2 Tech-stock sellers and buyers.  Their scheme left unsuspecting investors holding worthless shares of CO2 Tech stock.

The superseding indictment charged defendants Curshen and Montgomery with conspiracy to commit securities fraud, wire fraud, and mail fraud, in violation of 18 U.S.C. § 371 (Count 1).  The indictment also charged defendant Curshen with two counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts 6 and 8), and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 10).  The indictment also charged seven other defendants. In addition, the indictment sought forfeiture under 18 U.S.C. §§ 981 and 982.

Only defendants Curshen and Montgomery proceeded to trial.[1]  After an eleven-day trial, a jury found both defendants guilty of all counts for which they were indicted.  Both defendants appeal.

## II.  DISCUSSION

On appeal defendant Curshen argues that the district court erred by (1) denying his motion to suppress without holding an evidentiary hearing; (2)  failing to grant his third motion for a trial continuance; (3) imposing restitution; (4) admitting evidence in violation of Rule 404(b) of the Federal Rules

---

[1]Four co-conspirators pled guilty to the crimes alleged in the superseding indictment. Three co-conspirators are fugitives.

3

of Evidence ("Rules"); (5) admitting evidence in violation of Rule 902(11); (6) admitting evidence in violation of Rule 403; and (7) violating the Confrontation Clause. Defendant Curshen also argues that the district court's admission of this allegedly inadmissible evidence amounted to cumulative error.

On appeal defendant Montgomery argues that the district court erred by (1) failing to acquit him based on an allegedly material variance between the indictment and trial evidence; (2) admitting inadmissible opinion evidence; and (3) admitting evidence in violation of Rule 404(b).

Defendant Curshen's and Montgomery's arguments lack merit and warrant no further discussion except for their Rule 404(b) claims.

As to the Rule 404(b) arguments, there is a question regarding whether the district court abused its discretion in admitting such evidence over the defendants' objections.[2] Even assuming that the district court abused its discretion, such error was harmless because the trial record provides overwhelming evidence of defendants' fraud. See United States v. Khanani, 502 F.3d 1281, 1292 (11th Cir. 2007) ("Even if an evidentiary ruling is erroneous, that ruling will result in reversal only if the error was not harmless." (quotation marks omitted)).

---

[2]This Court reviews a district court's evidentiary rulings for an abuse of discretion. United States v. Joseph, 709 F.3d 1082, 1093 (11th Cir. 2013), cert. denied sub nom., Green v. United States, 134 S. Ct. 1273 (2014).

## III.  CONCLUSION

For the foregoing reasons, we affirm defendant Curshen's and defendant Montgomery's convictions and sentences.

**AFFIRMED**.